IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PHILIP L. PROCTOR,** | : | |
| **Plaintiff,** | : | Case No. 2:07-cv-839 |
| v. | : | Judge Holschuh |
| **HIGHER EDUCATION ASSISTANCE FOUNDATION, et al.,** | : | Magistrate Judge King |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff, Philip L. Proctor, filed suit against the Higher Education Assistance Foundation ("HEAF") Liquidation Trust, the Iowa College Student Aid Commission ("ICSAC"), and the Michigan Higher Education Assistance Authority ("MHEAA"). He seeks to obtain copies of his student loan documents, to recover damages on behalf of himself and the United States Government, and to enjoin Defendants from garnishing his wages. This matter is currently before the Court on motions to dismiss filed by Defendants MHEAA and ICSAC.

**I.      Background and Procedural History**

Plaintiff attended the University of Iowa and then Thomas M. Cooley Law School, completing his studies in 1988. To finance his education, Plaintiff obtained sixteen student loans. Of the sixteen loans, four were guaranteed by HEAF, six were guaranteed by ICSAC, and two were guaranteed by MHEAA. During the early 1990's, HEAF became insolvent. As part of the dissolution process, it assigned three of Plaintiff's four loans to the United States Department of Education (DOE). At some point, the loans guaranteed by ICSAC and MHEAA were also assigned to DOE.

According to Plaintiff, all of these loans were paid in full by 1995. However, in 2001, DOE notified Plaintiff that the eleven loans it held had never been paid and that Plaintiff had an outstanding principal balance of $32,646.00. Plaintiff requested copies of his payment histories and other related records hoping to prove that these loans had, in fact, been paid in full. However, instead of receiving the documentation relating to his own loans, he received documentation regarding the loans of Scott Wiermaa, a borrower with a substantially similar social security number. Despite the apparent case of mistaken identity, DOE found that Plaintiff owed the principal balance of $32,646.00, plus interest, and it began garnishing his wages.

In March of 2002, Plaintiff filed a Complaint and Administrative Appeal against DOE in federal court. Through discovery requests, he again sought his payment histories and other related records. DOE, however, claimed that the documents requested were in the possession and control of HEAF, ICSAC, and MHEAA. Plaintiff contacted each of those agencies, but they refused to produce the requested documents. Plaintiff then sought to join HEAF, ICSAC, and MHEAA as necessary parties in his pending suit against DOE, but the Court denied his request.

On March 25, 2005, the Court granted summary judgment in favor of DOE, finding that Plaintiff had failed to produce sufficient evidence that he had already paid the loans in question. The Court entered judgment against Plaintiff in the amount of $84,359.22 in principal and interest, less credit for any amount that had been collected by DOE on the loans to that date. The Sixth Circuit Court of Appeals affirmed the district court's judgment and the United States Supreme Court denied Plaintiff's petition for a writ of certiorari.

Plaintiff now brings this action against Defendants HEAF, ICSAC and MHEAA in order to obtain payment histories and other records relating to his student loans, to recover for

damages caused as a result of the administrative wage garnishment, and to enjoin Defendants from continuing to garnish his wages. He alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552a, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2670 *et seq.,* and seeks relief under 42 U.S.C. § 1983. Pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3730, he also seeks subrogation on behalf of the United States for false claims allegedly submitted by Defendants. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants ICSAC and MHEAA have filed motions to dismiss for failure to state a claim upon which relief can be granted.

## II.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b) (6). Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (citing Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1998). A complaint need not set

down in detail all the particularities of a plaintiff's claim.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis in original).  Bare assertions of legal conclusions are insufficient.  See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).  Likewise, "a formulaic recitation of the elements of a cause of action" is not enough.  Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  See Scheuer, 4l6 U.S. at 236; Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638.  The Court will indulge all reasonable inferences that might be drawn from the pleading.  See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).  However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis, 135 F.3d at 405-06.  The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

**III.     Discussion**

MHEAA argues that, as an agency of the State of Michigan, it is entitled to Eleventh Amendment immunity and cannot be sued in federal court.  Likewise, ICSAC argues that, as an agency of the State of Iowa, it is entitled to Eleventh Amendment immunity.  ICSAC further argues that dismissal is warranted because state agencies are not subject to liability under any of the statutes allegedly violated.  The Court agrees that dismissal is warranted on both grounds.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Eleventh Amendment precludes a federal court from entertaining actions filed by an individual against a State, unless the State has unequivocally consented to suit in federal court, or unless Congress has unequivocally abrogated the State's immunity and acted pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984); Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 726 (2003).  Absent such consent or abrogation, the jurisdictional bar of the Eleventh Amendment applies regardless of whether the relief sought is legal or equitable.  Halderman, 465 U.S. at 100.  The Eleventh Amendment also bars suits against state agencies.  See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).

The arguments asserted by Plaintiff in his memorandum in opposition are largely frivolous and warrant little discussion.  Plaintiff first argues that the Eleventh Amendment is inapplicable because this Court has federal question jurisdiction.  But the Eleventh Amendment

5

"is a specific constitutional bar against hearing even *federal* claims that otherwise would be within the jurisdiction of the federal courts." Halderman, 465 U.S. at 120.

Plaintiff next argues that the Eleventh Amendment does not apply because any damages "would be paid out of federal funds since ICSAC and MHEAA are federal insurance reimbursement agencies." (Mem. in Opp'n at 5). Plaintiff offers no support for this proposition. The federal government might guarantee payment to state agencies when a borrower is in default. However, there is no reason to believe that the federal government has also agreed to assume liability for a state agency's violations of federal law. If Plaintiff were to succeed on any of his claims against the state agencies, the funds would necessarily come from the state treasuries.

Plaintiff also argues, again with no authority, that ICSAC and MHEAA are not state agencies. In fact, these entities are both designated by statute as state agencies. See I.C.A. § 261.3 ("[t]he commission is an autonomous state agency"); M.C.L. § 390.951 (creating MHEAA as an agency in the department of education). They are, therefore immune from suit in federal court unless the State has unequivocally consented to suit in federal court, or unless Congress has unequivocally abrogated the State's immunity and acted pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment.

In this case, nothing supports a finding of consent, waiver, or abrogation. Plaintiff notes that M.C.L. § 390.951 states that MHEAA "may . . . complain and defend in all courts of law and equity." This statute, however, does not constitute an unequivocal consent to suit in federal court. Plaintiff further argues that because Defendants participate in the federally-funded and federally-insured student loan program, and are subject to DOE rules and regulations, they must

be deemed to have waived Eleventh Amendment immunity.  But mere participation in a federally-funded program does not constitute a waiver of immunity.  See Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Assn., 450 U.S. 147, 150 (1981); Edelman v. Jordan, 415 U.S. 651, 673 (1974).  The Court in this case finds no valid consent or waiver.

The Court need not address the issue of whether, in enacting the FOIA, FCA, and FTCA, Congress validly abrogated Eleventh Amendment immunity.[1]  As ICSAC correctly notes, these statutes do not even apply to states or state agencies.  Therefore, there would be no reason for Congress to attempt to abrogate Eleventh Amendment immunity.  The inapplicability of these statutes to state agencies also provides independent grounds to dismiss Plaintiff's claims against ICSAC and MHEAA.

The FOIA governs only federal agencies.  It defines an "agency" in accordance with 5 U.S.C. § 552(f)(1),[2] which in turn adopts the definition of "agency" set forth in 5 U.S.C. § 551(1).  See 5 U.S.C. § 552a(a)(1).  Section 551(1) defines an "agency" as "each authority of the Government of the United States."  See also Grand Central Partnership, Inc. v. Cuomo, 166 F.3d 474, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies").[3]

---

[1] The Supreme Court has held that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).

[2] Formerly 5 U.S.C. § 552(e).

[3] Plaintiff's citations to other portions of the FOIA are inapposite.  The only reason the FOIA defines "non-federal agency," 5 U.S.C. § 552a(a)(10) is because federal agencies are prohibited from disclosing certain information to non-federal agencies absent a written agreement.  See 5 U.S.C. § 552a(o).  The inclusion of this definition does not mean that the FOIA is equally binding on non-federal agencies as Plaintiff claims.  Likewise, 5 U.S.C. § 552a(m)(1) is inapposite because the DOE did not contract with Defendants for the operation of

Likewise, the FCA "does not subject a State (or state agency) to liability." <u>Vermont Agency of Natural Res. v. United States ex rel. Stevens</u>, 529 U.S. 765, 787-88 (2000). Neither does the FTCA. See <u>Hejl v. United States</u>, 449 F.2d 124, 126 (5th Cir. 1971) (holding that the FTCA applies only to federal agencies, and not to state agencies or instrumentalities). Finally, with respect to Plaintiff's claims under 42 U.S.C. § 1983, the Supreme Court has held that a state agency is not a "person" subject to liability for purposes of § 1983. See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).[4]

In summary, the Court finds that the Eleventh Amendment bars all of Plaintiff's claims against ICSAC and MHEAA. Moreover, as state agencies, these defendants are not subject to liability under any of the statutes cited by Plaintiff. Because, on the face of the complaint, Plaintiff has failed to state a claim upon which relief can be granted, dismissal of Plaintiff's claims against ICSAC and MHEAA is warranted.[5]

## IV. Conclusion

For the reasons stated above, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court **GRANTS** the motions to dismiss filed by Defendants ICSAC and MHEAA. (Record at

---

"a system of records" as that term is defined by statute.

[4] Although Plaintiff makes several other arguments with respect to the applicability of these statutes to state agencies, they are irrelevant and do not warrant further discussion.

[5] Plaintiff contends that because his FCA claim is brought on behalf of the United States, the Court cannot dismiss this action without the consent of the United States. See 31 U.S.C. § 3730(b) ("[t]he action [brought by a private party] may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."). This restriction, however, applies only when the plaintiff seeks to voluntarily dismiss the suit. See <u>Minotti v. Lensink</u>, 895 F.2d 100, 103 (2d Cir. 1990) (holding that this subsection does not apply when the court orders dismissal); <u>State ex rel. Shaver v. Lucas Western Corp.</u>, 237 F.3d 932, 934 (8th Cir. 2001) (same). Therefore, the United States' consent is not required.

16 and 18).  Plaintiff's claims against HEAF remain pending.

## IT IS SO ORDERED.


Date: June 9, 2008                                              **/s/ John D. Holschuh**
                                                                John D. Holschuh, Judge
                                                                United States District Court