IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHILIP L. PROCTOR,**

    **Plaintiff,**

  vs.                             **Civil Action 2:07-CV-839**
                                     **Judge Holschuh**
                                     **Magistrate Judge King**

**HIGHER EDUCATION ASSISTANCE**
**FOUNDATION,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiff filed this action against the Higher Education Assistance Foundation ["HEAF"], the Iowa College Student Aid Commission ["ICSAC"], and the Michigan Higher Education Assistance Authority ["MHEAA"], seeking production of the payment history and other documents relating to his student loans. The *Complaint* also seeks damages allegedly resulting from an administrative garnishment of plaintiff's wages in connection with allegedly defaulted loans, and an injunction preventing the continuing garnishment of his wages. The *Complaint* asserts claims under the Freedom of Information Act, 5 U.S.C. §552a, the Federal Tort Claims Act, 28 U.S.C. §2670, and 42 U.S.C. §1983. The *Complaint* also asserts claims under the False Claims Act, 28 U.S.C. §§3729-30, on behalf of the United States for false claims allegedly submitted by defendants. Defendants ICSAC and MHEAA have been dismissed from the action. *Opinion and Order,* Doc. No. 44. HEAF has made no appearance in the action. This matter is now before the Court on plaintiff's motion for leave to amend the *Complaint* and to join the Educational Credit Management Corporation ["ECMC"] as an additional party defendant. Doc. No. 38.

In his motion, plaintiff alleges that it was ECMC that kept

the records of HEAF, including plaintiff's payment history sought by this action. Plaintiff characterizes ECMC as "the entity responsible for the conduct described in the Complaint." *Motion for Leave to Amend,* p.4, Doc. No. 38. In this regard, plaintiff characterizes ECMC as an indispensable and necessary party to the litigation within the meaning of F.R. Civ. P. 19.

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2). The grant or denial of a request to amend the complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 20 of the Federal Rules of Civil Procedure provides that a person may be joined in an action as a defendant if "any right to relief is asserted against him jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." F.R. Civ. P. 20(a)(2)(A),(B). The purpose of Rule 20(a) is to promote judicial economy and trial convenience. *Crutcher v. Kentucky*, 961 F.2d 1076, 1992 WL 98020, *3 (6th Cir. May 11, 1992)(table decision)("under the Federal Rules of Civil Procedure, particularly Rules 2, 18-20, and 42, joinder of claims, parties and remedies are strongly encouraged because the impulse of the Rules is toward entertaining the broadest possible scope

of action consistent with fairness to the parties.") Proper joinder of a party under Rule 20(a) requires that the proposed new defendant have rights asserted against it that arise from related activities. *Johnson v. United Parcel Service,* 2006 WL 686884, *5 (E.D. Tenn. 2006)(unpublished).

In the case presently before the Court, ECMC disputes the factual allegations asserted against it by plaintiff, and denies the merits of plaintiff's claims. However, the Court concludes that plaintiff's proposed claims against ECMC satisfy the requirements of F.R. Civ. P. 20(a)(2)(A),(B). Although the Court does not find that ECMC is either a necessary or indispensable party, should plaintiff prevail on his claims against ECMC, ECMC may be subject to joint and several liability. The resolution of the merits of those claims, of course, must await discovery and further proceedings.

Accordingly, plaintiff's motion for leave to join an additional party and to file an amended complaint, Doc. No. 38, is **GRANTED.** The Court notes that the Amended Complaint has already been filed. Doc. No. 46.

In the motion, plaintiff also asks that the Court determine that he has effected good service of process on defendant HEAF. Doc. No. 38. Plaintiff expressly disclaims any request for additional time under F.R. Civ. P. 4(m) to serve HEAF. *Id.,* p.7. Plaintiff asks, alternatively, that service on ECMC, or waiver of service by ECMC, constitute service on or waiver of service by HEAF. *Id.*

Plaintiff attempted to serve HEAF through "HEAF Liquidating Trust, c/o Administrator ECMC-Legal Department." *Summons*, Doc. No. 12. Thereafter, ECMC filed a notice representing that it had no authority to accept service on behalf of HEAF or the HEAF Liquidating Trust. *Notice*,

3

Doc. No. 23. Rather, the HEAF Liquidating Trust has "been terminated and ... the Department of Education now has right, title and interest to any remaining assets of HEAF and the Trust." *Affidavit of Daniel F. Fisher,* ¶6, *Exhibit* attached to *Notice,* Doc. No. 23.[1] Moreover, ECMC is not an administrator for HEAF or the Trust. *Id.,* ¶7. In response, see Doc. No. 29, plaintiff insists that HEAF "has been served and is now in default," *Plaintiff's Response to Notice,* Doc. No. 29, based on the fact that plaintiff was given the ECMC address by others as the address for HEAF.

Because there are factual disputes underlying the parties' disagreement as to the sufficiency of service on ECMC, the Court declines at this juncture and on this record to determine the sufficiency of service on HEAF.

December 16, 2008                     *s/Norah McCann King*
                                       Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

---

[1] Daniel F. Fisher is identified as senior vice-president and associate general counsel of ECMC.

4