# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# Eastern Division

| | |
|---|---|
| PHILIP L. PROCTOR, | Case No. C2:07-CV-839 |
| Plaintiff | JUDGE GRAHAM |
| vs. | Magistrate Judge King |
| HIGHER EDUCATION ASSISTANCE FOUNDATION LIQUIDATING TRUST (HEAF), et al. | |
| Defendants | |

# PROTECTIVE ORDER

1.    The parties to this litigation desire to hold confidential and to limit the disclosure of certain Privacy Act protected information (*see* 5 U.S.C. § 552a), trade secret or other confidential financial, personnel, research, development and commercial information ("Confidential Information") that may be produced during discovery or trial of this action. See Rule 26(c)(1) of the Federal Rules of Civil Procedure. Information to be covered by this Protective Order shall include Confidential and Confidential-Attorney Eyes Only information as defined above which is disclosed in response to the following:

    a.    Discovery requests made under Rules 31, 33 or 36 of the Federal Rules of Civil Procedure.

    b.    Information set forth in any documents, things or premises made available for inspection or produced to the discovering party pursuant to Rules 26, 33 or 34 of the Federal Rules of Civil Procedure or in response to a subpoena under Rule 45 of the Federal Rules of Civil Procedure.

c. Information revealed during depositions upon oral or written under Rules 30 or 31 of the Federal Rules of Civil Procedure.

d. Information provided in connection with any other discovery taken in this action whether pursuant to the Federal Rules of Civil Procedure or informally by agreement and information provided in response to an Order of the Court.

5. Any party hereto may designate as Confidential Information trade secret or other confidential competitive or proprietary business information that it believes in good faith contains Confidential Information and which the party takes appropriate steps to keep confidential, which the party is otherwise required to keep confidential by agreement or law or is of such nature and character that direct disclosure to another party of such information would result in competitive harm to the producing party. The producing party may designate such Confidential Information as "CONFIDENTIAL or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as appropriate. Any party may also designate as Confidential Information any orally conveyed information, provided that the party indicates that such information is confidential at the time of the disclosure and provided further that the disclosing party confirms the scope of the confidential disclosure in writing to the receiving party within thirty (30) days of such disclosure.

6. A non-party to this action from whom Discovery Material is sought may stipulate to this Order and may thereby obtain the benefits, rights and protections of a designating party under this Order, regardless of whether the Order is amended to add the non-party. By so stipulating the non-party agrees to

be bound by and comply with all terms of this Order and consents to this Court's jurisdiction over it for purposes of enforcing this Order.

7. Parties desiring to file any documents which have been designated CONFIDENTIAL solely because such document contains social security numbers may nonetheless file such documents without being sealed provided that the social security numbers are redacted in accordance with the redaction rules of the United States District Courts.

8. A party designating Discovery Material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall designate, label or mark such material with an appropriate legend, such as, but not limited to, 'Confidential Material Subject to Protective Order." A party that inadvertently fails to mark an item at the time of production may later correct its failure, in writing and accompanied by substitute copies of each item, container or folder, bearing the appropriate confidentiality legend. Within five (5) days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked items, containers or folders and all copies thereof.

9. Confidential Information designated "CONFIDENTIAL" shall not be furnished, shown or disclosed to any person except it may disclosed only to the extent necessary for the litigation and defense of claims involved in this action and in such circumstances only to the following persons and in the following manner: (i) outside counsel or record for the receiving party and where appropriate, paralegal and other professional and clerical personnel employed by outside counsel, including any outside copying service (collectively referred to

herein as "support staff"); (ii) outside experts retained to assist outside counsel for the receiving party, including employees and assistants of such experts; (iii) representatives of each party, whether or not an attorney, who are actively engaged in assisting outside counsel with respect to this litigation; (iv) outside translators; (v) the author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the document; (vi) the officer taking or reporting the deposition and employees of such reporter to the extent necessary to prepare the transcript of the deposition; and (vii) the court and persons associated with or employed by the court whose duties require access to the information.

10. Confidential Information designated "CONFIDENTIAL – ATTORNEY EYES ONLY" shall not be furnished, shown or disclosed to any person except it may be disclosed only to the extent necessary for the litigation and defense of claims involved in this action and in such circumstances only to the following persons and in the following manner: (i) outside counsel of record for the receiving party and, where appropriate, paralegal and other professional and clerical personnel employed by outside counsel, including any outside service (collectively referred to herein as "outside counsel support staff); (ii) outside experts retained to assist outside counsel for the receiving party, including employees and assistants of such experts; (iii) outside translators; (iv) the author of the document and each recipient of a copy of the document, only insofar as the recipient is identified on the document; (v) the officer taking or reporting the deposition and employees of such reporter to the extent necessary to prepare the

transcript of the deposition; and (vi) the court whose duties require access to the information.

11. Each outside expert shall sign an acknowledgment of this stipulation in the form attached as <u>Exhibit A</u>.

12. Outside experts who have signed the acknowledgment referred to in paragraph 7 shall be permitted access to any party's scientific, product formulation or product testing information that has been designated as Confidential Information under this Protective Order. In the event, however, that any party wishes to disclose to its outside expert another party's financial, sales, pricing, customer or marketing information that has been designated as Confidential Information under this Protective Order, the party wishing to make such disclosure shall, before permitting access by the outside expert to such information, provide a copy of the outside expert's signed acknowledge form to the designating party. The designating party shall have ten (10) days from the receipt of the signed acknowledgment form to object to the disclosure of such information to the outside expert. Any objection by the designating party to the requested disclosure must be in writing and shall state with particularity the reasons for the objection. If the designating party fails to object within ten (10) day period the designating party shall be deemed to have approved of the disclosure of such information to the outside expert.

13. Confidential Information, and all information contained therein, unless obtained from a non-protected or public source, shall be used for no purpose except for the purposes of this litigation and shall not be disclosed except in accordance with this Protective Order or other order of the Court. As used

herein, the phrase "the purposes of this litigation" does not include using Confidential Information to communicate with the suppliers, distributors, or customers of any party to this litigation with respect to such Confidential Information.

14. Any party may designate any portion of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within sixty (60) days of the receipt of the transcript. The parties shall automatically treat all information disclosed at a deposition as confidential for sixty (60) days after receipt of the transcript. If within the 60-day period counsel wishes to file the transcript of any deposition with the Court, counsel shall do so under seal in accordance with Paragraph 16 of this Order.

15. A party shall not be obligated to challenge the propriety of a confidential designation at the time made and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees with the propriety of a designation of any information as Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the party claiming that the information is not properly designated may seek appropriate relief from this Court. Upon request by a party, the Court may order removal of the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation from any Confidential Information summary or abstract thereof, portion of testimony, or may otherwise amend this Protective Order. All parties shall continue to treat any information designated as confidential consistent with the terms of this Order pending resolution by the Court of such challenge. The

burden is on the designating party to justify the retention of the designation under Rule 26(c) of the Federal Rules of Civil Procedure.

16. Nothing contained in this Protective Order shall prevent the use of Confidential Information at a hearing or at trial or in depositions, on the condition that any such materials or information shall be disclosed or displayed only upon the implementation of all reasonable safeguards to preserve their confidentiality. If such Confidential Information is used at a hearing or trial or in depositions, such Confidential Information shall be treated as confidential pursuant to the provisions of this Protective Order.

17. Witnesses deposed in this litigation who might not otherwise be entitled to see Confidential Information may be shown Confidential Information if (a) the witness is a current employee of the party that designated the information under this Protective Order; or (b) the party wishing to show the witness Confidential Information obtains the consent of the designating party before the witness is shown the Confidential Information and the witness agrees to sign the acknowledgement attached as <u>Exhibit B</u>. Not later than ten (10) days before the deposition of such witnesses (unless otherwise agreed by the parties or ordered by the Court for good cause shown) the party wishing to show Confidential Information to a witness shall provide counsel for the designating party a list of Confidential Information that the requesting party reasonably expects may be used during the deposition. The designating party has five (5) days to object to the proposed disclosure. If, following good faith negotiations, the designating party does not consent, the parties shall schedule a conference call with the Court to resolve the dispute before the deposition. The party wishing to

show Confidential Information to the witness bears the burden of justifying to the Court why the witness should be permitted to see another party's Confidential Information.

18. All extracts and summaries of Confidential Information, as well as briefs or other pleadings quoting or disclosing such Confidential Information, shall also be treated as confidential in accordance with the provisions of this Protective Order.

19. Any court filings containing information designated as Confidential Information shall be filed with the Court in a sealed envelope bearing (i) the filing date of this Order; (ii) the name, address and telephone number of filing counsel; (iii) the caption of this action and (iv) a notation on the front of the envelope substantially similar to the following:

**Confidential – Subject to Protective Order. This document is filed under seal pursuant to an Order of this Court entered in this action shall not be opened except by the Court, or upon order of the Court, or by stipulation of the parties.**

or

**Confidential – Attorney Eyes Only — Subject to Protective Order. This document is filed under seal pursuant to an Order of this Court entered in this action shall not be opened except by the Court, or upon order of the Court, or by stipulation of the parties.**

A copy of this Order shall be included in the sealed envelope. If a party fails to file any material or information under seal, any person who in good faith believes that filing such material or information under seal is required to protect its interests may move the Court to seal the information within thirty (30) days of learning of the allegedly defective filing. Notice of such motion shall be given to all parties.

20. Within sixty (60) days of the final termination of this action, all Confidential Information (including all copies thereof) shall be returned to the disclosing party or, with that party's consent, destroyed by counsel for the receiving party or the Court clerk. Counsel for receiving party and/or the Court clerk shall confirm the destruction in writing. Notwithstanding the foregoing, outside counsel of record may retain archival copies of correspondence, memoranda, transcripts, pleadings or other papers filed or served in this litigation which incorporate or include Confidential Information.

21. Nothing herein shall bar or restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon (without disclosing) examination of Confidential Information.

22. The recipient of any confidential information pursuant to this Order shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material as is reasonably necessary to protect the confidentiality thereof.

23. Nothing in this Order shall preclude any party, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any DISCOVERY MATERIAL not obtained in this Action, if such material is lawfully obtained from a third party, even though the same material may have been produced in discovery in this Action and designated as confidential.

24. The designation of material in accordance with this Order as confidential is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel in conformity with such designation shall not be an admission or agreement

by any party that the designated material constitutes or contains any confidential or proprietary information.

25. The terms of this Protective Order shall survive and remain in full force after the termination of this action and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

26. The Clerk is ordered to deny access to all papers filed under seal with the Court pursuant this Protective Order.

27. Any party may seek a modification of this Protective Order. A party seeking a modification shall first seek to obtain the agreement of the other party. If agreement can not be obtained, the party seeking modification may upon motion, and for good cause shown, seek an order of the Court.

28. In the event that a producing party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity provided that, as soon as reasonably possible after the producing party becomes aware of the inadvertent production, such party gives written notice to the requesting party and all copies of such inadvertently produced documents shall promptly be returned by the requesting party to the producing party on demand.

29. This Protective Order shall not impose any restrictions on the use or disclosure by a party of information or material obtained by such party independently of discovery in this action, whether or not such information or material is also obtained through discovery in this action or from disclosing its own confidential information as it deems appropriate. Further, this Protective Order shall not apply to information or material which was known to the receiving

party before disclosures hereunder, is or becomes part of public knowledge through no breach of the provisions of this Protective Order, is independently developed by the receiving party without access to the Confidential or Confidential – Attorney Eyes Only information disclosed hereunder or is disclosed to the receiving party by a third party without restrictions as to disclosure provided such third party has the right to make the disclosure to the receiving party.

30. Should any Confidential or Confidential – Attorney Eyes Only information be disclosed, through inadvertence or otherwise, to any person not authorized under this Protective Order, the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order and the disclosing party shall act as follows:

   a. Promptly inform such person of all the provisions of this Protective Order.

   b. Immediately identify such person and the Confidential or Confidential – Attorney Eyes Only information disclosed to the party or third party that designated the document as containing Confidential or Confidential – Attorney Eyes Only information.

   c. Request such person to sign an undertaking to abide by this Protective Order in the form attached as Exhibit A or B, as appropriate.

   d. Retrieve all copies of documents containing the inadvertently disclosed information.

SO STIPULATED this 30th day of September 2009.

| | |
|---|---|
| *s/s William M. Harter per EJW* | *s/s Philip L. Proctor per EJW* |
| William M. Harter (0072874) | Philip L. Proctor |
| FROST BROWM TODD LLC | Attorney at Law |
| 10 West Broad St., Suite 2300 | P.O. Box 4803 |
| Columbus, OH 43215 | Newark, OH 43058 |
| 614.464.1211 | 740.349.4716 |
| Fax: 614.464.1737 | Email: Philip_Proctor@yahoo.com |
| Email: wharter@fbtlaw.com | Plaintiff |
| Attorneys for ECMC | |

| | |
|---|---|
| *s/s Mark T. D'Alessandro per EJW* | *s/s E. Joel Wesp* |
| CARTER M. STEWART | *Wesp/Barwell, LLC* |
| United States Attorney | E. Joel Wesp (0019317) |
| Mark T. D'Alessandro | Gregory P. Barwell (0070545) |
| Assistant United States Attorney | Attorneys at Law |
| 303 Marconi Boulevard, Suite 200 | 300 East Broad St., Suite 300 |
| Columbus, OH 43215 | Columbus, Ohio 43215-3756 |
| (614) 469-5715 | Ph: (614) 341-7576 |
| Fax: (614) 469-5240 | Direct: (614) 327-1068 |
| Mark.dalessandro@usdoj.gov | Fax: (614) 540-7466 |
| | Email: ejwesp@wesplaw.com |
| | Email: gbarwell@wesplaw.com |
| | Attorneys for Defendant Wells Fargo Bank, N.A. |

SO ORDERED:

| | |
|---|---|
| October 6, 2009 | *s/Norah McCann King* |
| Date: | Hon. Norah McCann King |
| | United States Magistrate Judge |

# EXHIBIT A – OUTSIDE EXPERT

WHEREAS, I, _____, have agreed to act as an expert in the proceeding before the United States District Court for the Southern District of Ohio designated *Proctor, et al. Plaintiffs v. Higher Education Assistance Foundation, et al.* U. S. District Court, Southern District of Ohio, E.D. Case No. 2:07-cv-839 and may have cause to examine materials that are designated "Confidential" and "Confidential – Attorneys' Eyes Only" pursuant to the foregoing Protective Order.

NOW, THEREFORE, I hereby acknowledge that I have read and understood and consent to be bound by the provisions of the Protective Order and to abide by all of its terms with respect to materials deemed confidential in this proceeding.

Promptly upon termination of this action, I will return any Confidential materials that may come into my possession to the outside attorneys representing the party whom I am employed or retained or who noticed my deposition.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Expert's Printed Name

_____
Signature

_____
Address

Dated:

14

# **EXHIBIT B – WITNESS**

WHEREAS, I, _____, have agreed to act as an expert in the proceeding before the United States District Court for the Southern District of Ohio designated *Proctor, et al. Plaintiffs v. Higher Education Assistance Foundation, et al.* U. S. District Court, Southern District of Ohio, E.D. Case No. 2:07-cv-839 and may have cause to examine materials that are designated "Confidential" and "Confidential – Attorneys' Eyes Only" pursuant to the foregoing Protective Order.

NOW, THEREFORE, I hereby acknowledge that I have read and understood and consent to be bound by the provisions of the Protective Order and to abide by all of its terms with respect to materials deemed confidential in this proceeding.

Promptly upon termination of this action, I will return any Confidential materials that may come into my possession to the outside attorneys representing the party whom I am employed or retained or who noticed my deposition.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
 Printed Name

_____
Signature

_____
Address

Dated: