**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PHILIP L. PROCTOR,**

      **Plaintiff,**                                      **Case No. 2:07-cv-839**

      **v.**                                           **Judge Graham**

**EDUCATIONAL CREDIT**                      **Magistrate Judge King**
**MANAGEMENT CORPORATION,**

      **Defendant/Third Party Plaintiff**

      **v.**

**ARNE DUNCAN, SECRETARY OF THE**
**UNITED STATES DEPARTMENT OF**
**EDUCATION,**

      **Third Party Defendant.**

OPINION AND ORDER

This matter is before the court on the motions for summary judgment filed by defendant

Wells Fargo Bank, N.A. (Wells Fargo) (doc. 103) and by defendant/third party plaintiff

Educational Credit Management Corporation (ECMC) (doc. 104) pursuant to Fed. R. Civ. P. 56.

Also before the court is a motion to dismiss Wells Fargo's third party complaint filed by

defendant Department of Education (DOE) (doc. 89) as well as cross motions for sanctions filed

by Wells Fargo and Proctor (docs. 111 and 114).

**I.    FACTS**

In 1988 Phillip Proctor completed his studies for a law degree. He financed his higher

education with sixteen guaranteed student loans.  Four loans were guaranteed by the Higher

Education Assistance Foundation ("HEAF"), six by the Iowa College Student Aid Commission

("ICSAC"), two by the Michigan Higher Education Assistance Authority (MHEAA) and four

were National Direct Student Loans (NDSL) held by the University of Iowa.  HEAF was a

Minnesota nonprofit corporation that qualified as a "guaranty agency" within the meaning of 20

U.S.C. §1085(j).  (Adams Declaration at p. ¶10, doc. 103-1).  In March of 1994, HEAF adopted

a plan of dissolution, which involved the creation of the HEAF Liquidating Trust (the "Trust")

(Id at ¶11).  Between April and August of 2003, prior to the adoption of the Trust, HEAF

assigned three of Proctor's loans that it guaranteed to third party defendant Department of

Education (DOE). (Doc. 103-4 p. 15).   ECMC was a trustee for the Trust and conducted all

record keeping functions for HEAF.   In 1998, Wells Fargo, after merger with Norwest Bank,

Minnesota in 1994, also became a trustee of the Trust.  At all times relevant to these

proceedings, Wells Fargo was a private corporation.

On February 28, 2001, the Trust was terminated and ceased legal existence.  At some

point, the DOE was also assigned eight additional loans held by various guarantors.  Proctor

defaulted upon his loans, the guarantors paid the lenders, and then sought payment from Proctor.

Proctor asserts that he repaid all the loans held by the guarantors by 1995.  However, in 2001,

the DOE claimed that eleven of the loans in its possession, amounting to $32,640.00, were

unpaid and began an administrative wage garnishment proceeding against Proctor.  The wage

garnishment began in 2001 and continues to present day.

### A.     The 2002 Case

In 2002, Proctor filed suit in the District Court for the Southern District of Ohio against

the DOE challenging the administrative wage garnishment (Case No. C2-02-252, hereinafter

"2002 case").  In an amended complaint, Proctor also made tort claims pursuant to the Federal

Tort Claims Act ("FTCA") for defamation, invasion of privacy, and intentional infliction of

emotional distress.  The basis for plaintiff's tort claims was that the DOE had made false

statements to his employer and others that Proctor was delinquent on his promissory notes and

loans and these false statements had caused him injury.  Proctor sought monetary damages as

well as an order enjoining the adminstrative wage garnishment.

The DOE counterclaimed for the amounts due, plus interest.  By opinion dated March 23,

2005, Magistrate Judge King upheld the administrative hearing officer's decision ordering wage

garnishment.  (Doc 103-4). The court then concluded that it lacked subject matter jurisdiction,

under 27 U.S.C. § 2680 to consider Proctor's claims.  Finally, the court granted summary

judgment in favor of the DOE in the amount of $84,359.22.  In reaching this decision, the court

noted that Proctor failed to produce any documentary evidence to support his assertion that he

paid his loans in full by 1995, whereas the DOE produced "extensive documentation and other

evidence that the notes/loans have not been paid, as well as evidence of the amounts currently

owed on each of these notes/loans."  (Doc. 103-4, p. 13).   The Sixth Circuit Court of Appeals

affirmed and the U.S. Supreme Court denied certiorari.

**B.      The 2007 Case**

On August 23, 2007, Proctor initiated the instant case against the HEAF Liquidating

Trust (c/of ECMC),  ECMC and Wells Fargo Bank. In his complaint, Proctor alleges that during

the course of the 2002 case, he sought discovery of his payment records from the DOE and that

he was informed that the information was held by the guaranty agencies and ECMC.  He further

alleges that he was denied the ability to join ECMC and the guaranty agencies in the 2002 case

and that ECMC and Wells Fargo refused to produce payment histories relating to his loans.

Plaintiff alleges that Wells Fargo and ECMC have violated U.S.C. §552a in failing to produce

his payment histories. He also brings claims against these defendants for false claims pursuant to

31 U.S.C. §3729 and 31 U.S.C. §3730, civil rights claims, and tort claims pursuant to the Federal

Tort Claims Act.  In addition, he seeks injunctive relief and damages.  On June 9, 2009, ECMC

filed a third party complaint against the DOE for indemnification on Proctor's claims.

Wells Fargo has filed a motion for summary judgment on the grounds that Wells Fargo

cannot be liable under 5 U.S.C. §552a, on the grounds of collateral estoppel, and based on the

fact that the loans were transferred to the DOE prior to Wells Fargo's involvement in the Trust.

ECMC moves for summary judgment on the grounds that ECMC had no responsibilities under

the Trust Agreement, the loans were transferred to the DOE prior to the effective date of the

Trust and on the grounds of collateral estoppel.  The DOE moves to dismiss the third party

complaint against on the grounds of res judicata.

## II.     Legal standard

### A.      Summary Judgment

Under Fed. R. Civ. P. 56©, summary judgment is proper  "if the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law."  See

Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009).  The moving party bears the burden

of proving the absence of genuine issues of material fact and its entitlement to judgment as a

matter of law, which may be accomplished by demonstrating that the nonmoving party lacks

evidence to support an essential element of its case on which it would bear the burden of proof at

trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Walton v. Ford Motor Co., 424

F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; the requirement is that there be

no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986) (emphasis in original); see also Longaberger, 586 F.3d at 465.  "Only disputed material

facts, those 'that might affect the outcome of the suit under the governing law,' will preclude

summary judgment."  Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008)

(quoting Anderson, 477 U.S. at 248).  Accordingly, the nonmoving party must present

"significant probative evidence" to demonstrate that "there is [more than] some metaphysical

doubt as to the material facts."  Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir.

1993).

A district court considering a motion for summary judgment may not weigh evidence or

make credibility determinations.  Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375,

379 (6th Cir. 1994).  Rather, in reviewing a motion for summary judgment, a court must

determine whether "the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477

U.S. at 251-52.  The evidence, all facts, and any inferences that may permissibly be drawn from

the facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image

Technical Servs., Inc., 504 U.S. 451, 456 (1992).  However, "[t]he mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on

which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252; see

Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009).

> **B.      Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim,

a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __,  129

S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A

court should construe the complaint in the light most favorable to the plaintiff and accept all

well-pleaded material allegations in the complaint as true.  Iqbal, 129 S.Ct. at 1949-50; Erickson

v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 129 S.Ct. at 1949; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a

"formulaic recitation of the elements of a cause of action will not do," nor will "naked

assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286

(1986) (a court is "not bound to accept as true a legal conclusion couched as a factual

allegation").  The plaintiff must provide the grounds of his entitlement to relief "rather than a

blanket assertion of entitlement to relief."  Twombly, 550 U.S. at 555 n.3.  Thus, "a court

considering a motion to dismiss can choose to begin by identifying pleadings that, because they

are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at

1950.

When the complaint does contain well-pleaded factual allegations, "a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." Iqbal, 129 S.Ct. at 1950.  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id.  Though "[s]pecific facts are not necessary," Erickson, 551 U.S.

at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage,"

Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to

relief above the speculative level and to create a reasonable expectation that discovery will

reveal evidence to support the claim.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555-56.

This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it

has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Fed.

R. Civ. P. 8(a)(2)).

III.    LAW AND ARGUMENT

A.      5 U.S.C. §522a

Proctor's first claim against the defendants is for violation of 5 U.S.C. §522 which

provides that an individual may bring a civil action when any "agency" refuses to comply with

an individual request for records under this section.  See 5 U.S.C. §552a(g)(1)(B).  The term

"agency" is defined in the Act to include "any executive department, military department,

Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. §552(a)(g); 5 U.S.C. §552[f]e.  A government contractor used by an agency to accomplish an agency function must also comply with the requirements of the section.  5 U.S.C. §522a(m).  Wells Fargo and the HEAF Liquidating Trust are private corporations (Adams Declaration at doc. 103-1).  ECMC is also not an "agency" with the meaning of 5 U.S.C. §522.  Rather, ECMC is registered with the Minnesota Secretary of State as a non-profit corporation, filing number  1K-330.  This court may take judicial notice of such a public record.  Dominic's Rest. of Dayton, Inc. v. Mantia, No. 3:09-cv-131, 2009 U.S. Dist. LEXIS 47041 (S.D. Ohio 2009).  Therefore 5 U.S.C. §522a only applies if Wells Fargo or ECMC were government contractors used by a governmental agency to perform an agency function.

Plaintiff does not allege that Wells Fargo or ECMC are either governmental agencies nor that they are government contractors subject to 5 U.S.C. §522a.  However, even if either entity is bound by the requirements of 5 U.S.C. §522a, Proctor's claim is barred by the two year statute of limitations found at 5 U.S.C. §522a(g)(5).  The statute of limitations section of the act provides that a civil action based on a violation of the Act must be brought "within two years from the date on which the cause of action arises" unless there is a material misrepresentation of information necessary to the establishment of liability of the agency.  5 U.S.C. §522a(g)(5). Plaintiff's complaint alleges that the defendants failed to produce his records when requested during the 2002 case.  Although plaintiff does not provide a date on which he requested the records, it is clear that these requests would have been made prior to the court's final decision in

2005.  Thus, even if plaintiff could arguably assert that he did not first request his payment histories until the end of the 2002 case (March 25, 2005), then he would have had to bring his action for violation of 5 U.S.C. §522a within 2 years, or by March 25, 2007.   Plaintiff did not file the instant action until August 23, 2007, well after the two year statute of limitations.

Finally, defendants have presented substantial evidence, first presented in the 2002 case, that the three loans guaranteed by HEAF were transferred to the DOE prior to Wells Fargo or ECMC[1] becoming involved in the HEAF Liquidating Trust.  The three HEAF loans were transferred to the DOE between April and August 1993.  (See Magistrate King's Decision, Doc. 103-4 p. 15, fn 13).  The HEAF Liquidating Trust Agreement was not formed until March 31, 1994.  Plaintiff has provided no evidence to refute defendants' evidence establishing that the loans were transferred to the DOE prior to the defendants' involvement in the HEAF Liquidating Trust.  There is no genuine issue of fact on this claim and defendants are entitled to summary judgment.

For the foregoing reasons, judgment in favor of defendants on Plaintiff's claim for violation of 5 U.S.C. §522 is granted.

**B.** **Issue Preclusion**

Plaintiff's remaining claims are for violation of the False Claims Act, 31 U.S.C. §3729 and 31 U.S.C. §3730**,** the Federal Tort Claims Act, and plaintiff's civil rights.  Each of these claims is premised on a common underlying factual allegation that Proctor paid his student loans

---

[1]     Contrary to Proctor's unsubstantiated allegations, ECMC has also provided unrefutted evidence that it never had any obligations under the HEAF Liquidating Trust. According to the affidavit of ECMC Senior Vice President and Associate General Counsel, Daniel S. Fisher, ECMC was not the administrator of the HEAF Liquidating Trust and does not have any relationship with either HEAF or the liquidating trust. (See Doc. 104-2 at ¶ 4-10).

in full.  In order to establish a violation of the False Claims Act, Proctor must show that there is

at least a question of fact that these defendants made a false statement to the government when

they sought payment on Proctor's defaulted loans.  Hopper v. Solvay Pharms., Inc., 588 F.3d

1318, 1328 (11th Cir. 2009)(citing Ex rel. Clausen v. Lab Corp of Am., 290 F.3d 1301, 1311 (11th

Cir. 2002)) (the "submission of a false claim is the 'sine qua non of a False Claims Act

violation.'").  Plaintiff's civil rights claim is premised on the allegation that the defendants made

inaccurate and untruthful communications with plaintiff's employer regarding his outstanding

loans and that such inaccurate information (that he still owes on the loans) caused the DOE to

pursue wage garnishment.  Similarly, plaintiff's Federal Tort Claims Act claim alleges that he

was injured as a result of the defendants making defamatory and false statements regarding his

unpaid loans and that these statements caused him emotional distress.  Clearly, each claim

requires the court to conclude, for purposes of the motion for summary judgment, that plaintiff's

loans were paid in full and that defendants have made false statements to the contrary.

The court is barred from assuming the truth of plaintiff's allegation that he paid his loans

in full on the grounds of issue preclusion.  Issue preclusion "mandates that if a court decides an

issue of fact or law necessary to its judgment, that decision precludes relitigation of that issue in

another suit involving a party, or one in privity with a party, to the first case." Osborn v. Knights

of Columbus, et al., 401 F. Supp. 2d 830, 832 (N.D. Ohio 2005).  Issue preclusion is applicable

if: "(1) the fact or issue was actually litigated in the prior action, (2) the court actually

determined the fact or issue in question, and (3) the party against whom issue preclusion is

asserted was a party, or in privity with a party, to the prior action." Id.  Issue preclusion applies

to bar relitigation of plaintiff's claims.

First, the issue of whether Proctor had paid the outstanding loans in full by 1995 was actually litigated.  According to Magistrate Judge King's opinion granting summary judgment, Proctor presented "no documentary evidence" to support his position that the loans had been paid.  The DOE, however, "offered extensive documentation and other evidence that the notes/loans have not been paid, as well as evidence of the amounts currently owed on each of these notes/loans." (Doc. 103-4 p. 13).  Second, the court actually determined that the United States owned the loans, that these loans were not paid in full, and that Proctor owed $79, 231.95 in principal and interest through July 14, 2003 plus additional interest in the amount of $5,127.27, less credit for any amounts collected on the loans.   Third, Proctor was a party to both the 2002 litigation and the instant case.  Accordingly, he is precluded from relitigating the issue of whether he owes on the student loans and/or whether he paid the loans in full by 1995.

Because the court is bound by the 2002 case determination that the loans were valid, plaintiff cannot establish a key factual premise for all of his remaining claims.[2]  Accordingly, summary judgment in defendants' favor is proper on the FCA claim, the civil rights claim and the tort claim.

### C.    DOE's Motion to Dismiss

The DOE moves to dismiss the third party complaint filed by ECMC in which ECMC seeks indemnification for any judgment Proctor could obtain against it.  As this court has determined that Proctor has no viable claims remaining against ECMC, the third party complaint seeking indemnification is moot and will be dismissed. Accordingly, DOE's motion to dismiss is

---

[2]    For the same reason, the court is barred from considering plaintiff's claim for an order enjoining the administrative wage garnishment. Accordingly, plaintiff's claim for injunctive relief is also denied.

also moot.

   **D.**   **Cross-Motions for Sanctions**

   On March 8, 2010 Defendant Wells Fargo moved for Fed. R. Civ. P. 11 sanctions against

Plaintiff.  Plaintiff filed a responsive pleading, seeking sanctions in the event that Wells Fargo

refused to withdraw its motion for sanctions.  Wells Fargo has moved to strike Proctor's motion

for sanctions.  By serving plaintiff with a copy of the motion for sanctions on February 9, 2010,

Wells Fargo has complied with the "safe harbor" rule of Fed.R.Civ.P. 11 (c)(1)(A) which

requires the moving party to serve the motion on the offending party for at least 21 days (to

allow the non-moving party to withdraw the offending pleading), before filing the motion with

the court.  Plaintiff failed to comply with the procedural requirements for filing a motion for

sanctions by failing to file his motion in a separate pleading and by failing to comply with the

safe harbor requirement of Fed. R. Civ. P. 11.  Accordingly, plaintiff's cross motion for

sanctions is dismissed. See Nagle Indus. v. Ford Motor Co., 173 F.R.D. 448, 458-459 (E.D.

Mich. 1997) (dismissal of motion for sanctions warranted where party failed to comply with the

21 day safe harbor rule).

   Fed. R. Civ. P. 11(c)(1) "allows sanctions to be imposed on any attorney, law firm, or

party by the district court when the court determines that Rule 11(b) has been violated."

Huntsman v. Perry Local Sch. Bd. of Educ., No. 09-3030, 2010 U.S. App. LEXIS 10948(6th Cir.

May 28, 2010).  Fed. R. Civ. P. 11(b) states in pertinent part:

> By presenting to the court a pleading, written motion, or other paper--whether by signing,
> filing, submitting, or later advocating it--an attorney or unrepresented party certifies that
> to the best of the person's knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances:

(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

"The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." Fulmer v. MPW Indus. Servs., No. 3:04-0879, 2006 U.S. Dist. LEXIS 42038 (M.D. Tenn. June 21, 2006)(quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447 (1990)). In the Sixth Circuit, "the test for imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." Tropf v. Fidelity Nat. Title Ins. Co., 289 F.3d 929 (6th Cir. 2002).

This court has concluded that the claims against Wells Fargo are barred for a variety of reasons, including the statute of limitations on 5 U.S.C. §522 claims, collateral estoppel, and the fact that the loans were transferred out of HEAF prior to Wells Fargo's involvement in the Trust. These are the very grounds which Wells Fargo cited in asking plaintiff to dismiss them as a defendant in this case.  Specifically, Wells Fargo informed plaintiff in writing on numerous occasions that the claims raised by plaintiff in the amended complaint were barred by collateral estoppel and that if plaintiff chose to pursue the claims, Wells Fargo would seek sanctions. (docs. 111-1 to 111-5).  Wells Fargo also informed plaintiff that as trustee for the HEAF

13

Liquidating Trust, it never administered, processed or attempted to collect any student loans. (doc. 111-2).  Moreover, plaintiff was reminded that in the 2002 case, Magistrate King had determined that the three HEAF loans were transferred to the DOE prior to the formation of the Trust and therefore prior to the time Wells Fargo was a trustee for the HEAF Liquidating Trust. (Doc. 111-3).  Despite this information, plaintiff continued to pursue its claim against Wells Fargo.  Under these circumstances, plaintiff's conduct in pursuing his claim against Wells Fargo was unreasonable. Huntsman, 2010 U.S. App. LEXIS 10948 (sanctions appropriate where counsel's unreasonable conduct included filing the complaint after being informed by defense counsel that the claims were barred by collateral estoppel and that defendants would seek sanctions);  Kennedy v. Harbor Corp., Inc., No. L89-50003-CA,1990 U.S. Dist. LEXIS 19800 (W.D. Mich. Jan. 11, 1990) (citing 2A Moore's Federal Practice P11.02, "Rule 11 sanctions certainly should be imposed for the filing of motions and causes of action plainly foreclosed by long-standing and authoritative precedent and for actions brought in spite of the obvious preclusive effect of prior litigation involving the same party"); McNeill v. Wayne County, No. 08-10658,  2009 U.S. Dist. LEXIS 23406 (E.D. Mich. Mar. 23, 2009)(it would be unreasonable (and therefore sanctionable) conduct for plaintiff to seek to relitigate claims asserted in a prior suit); Isley v. Ford Motor Co., 371 F. Supp. 2d. 912, 917(E.D. Mich 2005) (sanctions appropriate where plaintiff brought claim clearly barred by collateral estoppel).

Defendant Wells Fargo is hereby ORDERED to file with the court, on or before August 23, 2010,  documentation, in the form of affidavits and otherwise, setting forth the amount of attorney's fees and expenses incurred in defending this suit.  Plaintiff shall have fourteen days in which to respond to defendant's filing and is ORDERED to provide the court with

14

documentation, in the form of affidavits or otherwise, of any mitigating factors weighing against

the imposition of sanctions as well as plaintiff's ability to pay the same.

## IV.     CONCLUSION

For the foregoing reasons, defendant Wells Fargo's motion for summary judgment (doc.

103) is GRANTED.  Defendant ECMC's motion for summary judgment (doc. 104) is also

GRANTED.  ECMC's Third Party Complaint against DOE for indemnification is DISMISSED

as moot.  DOE's Motion to Dismiss the Third Party Complaint (doc 89) is DISMISSED as moot.

The clerk shall enter final judgment in favor of the defendants Wells Fargo and ECMC

dismissing plaintiff's complaint with prejudice at Plaintiff's cost.  The clerk shall enter final

judgment in favor of third party defendant DOE dismissing third party plaintiff's complaint

without prejudice.

Wells Fargo is ORDERED to file with the court, on or before August 23, 2010,

documentation, in the form of affidavits and otherwise, setting forth the amount of attorney's

fees and expenses incurred in defending this suit.  Plaintiff shall respond within fourteen days

thereafter and is ORDERED to provide the court with documentation, in the form of affidavits or

otherwise, of any mitigating factors weighing against the imposition of sanctions as well as

plaintiff's ability to pay the same.  The court shall retain jurisdiction over the pending motions

for sanctions

IT IS SO ORDERED.

S/ James L. Graham
James L. Graham
UNITED STATES DISTRICT COURT

Date: August 9, 2010